IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PREMIER CAPITAL MANAGEMENT, LLC a Virginia Limited Liability Company, TMB, LLC, a Virginia Limited Liability Company, and XEN INVESTORS, LLC, a Virginia Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> LARRY COHEN, individually, BRIAN FLANAGAN, individually, WAN HEE KIM, individually, JUNG KOH, individually, MICHAEL TURCOTTE, individually, BLAIR ROBINSON, individually and NORTHVIEW BANK & TRUST, an Illinois Corporation. <br><br> Defendants. <br><br>_____<br><br> LARRY COHEN, WAN HEE KIM, and MICHAEL TURCOTTE, <br><br> Third-Party Plaintiffs, <br><br> vs. <br><br> DOUGLAS TUCKER, <br><br> Third-Party Defendant. | Case No. 02 C 5368 <br><br> Honorable Joan B. Gottschall <br><br> Magistrate Judge Arlander Keys |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Defendant Brian Flanagan's Motion to Compel the production of documents relating to state-level administrative proceedings, investigating some of Premier Capital Management LLC's ("Premier") activities. Mr. Flanagan

claims that documents relating to these administrative proceedings are highly relevant to his defense, and are not protected by any federally-recognized privilege. The Court agrees and grants Mr. Flanagan's Motion, directing Plaintiffs to produce all documents relating to the Commonwealth of Virginia's administrative investigation into Plaintiffs' sale and promotion of the Xentex stock.

**BACKGROUND FACTS**

Plaintiffs Premier Capital Management, LLC ("Premier Capital"), TMB, LLC, and Xen Investors, LLC sued Xentex Technologies[1] ("Xentex"), Xentex's individual officers and directors (Larry Cohen, Brian Flanagan, Wan Hee Kim and Michael Turcotte), a Xentex shareholder (Ron Falese), Northview Bank and Trust, and the bank's president Blair Robinson, claiming that Defendants violated federal securities laws, as well as several state statutes and common law prohibitions, when they fraudulently induced Plaintiffs to invest in Xentex. Plaintiffs also brought several state law claims against Xentex's officers and directors for (1) violations of the Virginia Securities Act ("VSA"), Va.Code Ann. § 13.1-522, (2) common law fraud, (3) breach of fiduciary duty, (4) negligent misrepresentation (against defendant Turcotte), and (5) accounting malpractice

---

[1] Plaintiffs voluntarily dismissed (without prejudice) their claims against Xentex, after Xentex filed for Chapter 11 bankruptcy.

2

(against Turcotte)[2].

In the interim, Premier was the subject of at least two governmental inquiries. Premier actively located and introduced potential investors to Xentex. As a result of Premier's activities on Xentex's behalf, the Securities Department of the Secretary of State of Illinois and the State Corporation Commission of the Commonwealth of Virginia filed administrative proceedings against Premier and its owner, Mathieu Reyna. Both administrative bodies alleged that Premier and Mr. Reyna defrauded investors in connection with their efforts to sell Xentex stock.

Defendant Brian Flanagan sought to discover documents related to the Illinois and Virginia investigations. Mr. Flanagan served a document request upon Plaintiffs, seeking "[a]ll documents . . . relating to any investigations . . . including any federal or state securities commission or agency proceedings, involving [Plaintiffs]." Plaintiffs initially agreed to produce all documents responsive to the request. Weeks later, however, Plaintiffs objected to producing documents related to both the Illinois and Virginia administrative proceedings, on the ground that the requests were ambiguous, overbroad, and not reasonably calculated to lead to the discovery

---

[2] Judge Gottschall dismissed a number of these claims. See *Premiere Capital Management, LLC. v. Larry Cohen, et al.*, No. 02 C 5368, 2004 WL 2203419 (N.D. Ill. Sept. 29, 2004).

of admissible evidence. Later still, Plaintiffs claimed that a Virginia statute, Va. Code Ann. § 13.1-518, protects from disclosure documents related to the Virginia administrative proceeding.

On January 19, 2005, Mr. Flanagan filed this Motion to Compel the production of all documents relating to any administrative proceedings involving Xentex, that were brought against Plaintiffs. On January 21, 2005, the parties appeared before the Court; Mr. Flanagan argued that the documents were discoverable, and Plaintiffs argued that the documents were not relevant and, with respect to the documents associated with the Commonwealth of Virginia's investigation, were protected by the Virginia statute.

The Court found that the documents are clearly relevant, but reserved judgment upon whether the Virginia statute prevent Mr. Flanagan from discovering the documents related to the Virginia investigation[3]. The Court ordered Plaintiffs to produce the documents related to the Illinois investigation to Mr. Flanagan, but to submit the Virginia documents to the Court for *in camera* review. This Opinion, therefore, addresses the only remaining issue before the Court with respect to Mr. Flanagan's Motion to

---

[3] The Court also ordered Plaintiffs to produce the documents relating to the Illinois Secretary of State's investigation into the sale and solicitation of Xentex stock.

Compel: whether the Virginia statute protects from disclosure the documents relating to Virginia's investigation into Premier's sale of Xentex stock.

**DISCUSSION**

At the outset, the Court notes that Plaintiffs have submitted no authority recognizing a federal evidentiary privilege based on the Virginia statute at issue. Mr. Flanagan, on the other hand, has submitted strong authority in support of his position that state law confidentiality provisions rarely shield evidence in federal question cases[4], and that the statute in question does not buck the trend. *See Pearson v. Miller*, 211 F.3d 57, 68 (3d Cir. 2000) ("Statutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on the courts.")

The Western District in Michigan recently analyzed a similar issue in *Lawrence v. Van Aken,* NO. 4:03-CV-20, 2004 WL 228989 (W.D. Mich. Jan. 14, 2004). In *Lawrence*, the court declined to recognize a federal evidentiary privilege based on Michigan Supreme Court Rule 9.221, which creates a confidentiality interest in Judicial Tenure Commission ("JTC") proceedings.

---

[4] Federal law, not state law, supplies the rule of decision in the case, despite the fact that Plaintiffs claim that some of their allegations are based upon state law, as well as federal law. *See Memorial Hospital for McHenry County v. Shadur,* 664 F.2d 1058, 1061 n.3 (7th Cir. 1981). Neither party disputes that federal law controls.

5

*Id.*, at *5. The court noted that Rule 9.221 neither contained the word "privilege," nor purported to protect JTC files in civil or criminal provisions. *Id.* This is not dispositive, however, as the court explained:

> federal courts recognize, however, that state statutes creating a duty of confidentiality, but lacking an express provision for an evidentiary privilege, could nevertheless be construed by the state courts as implying an evidentiary privilege.

*Id.* The court concluded, however, that the lack of any Michigan cases regarding the statute as an evidentiary privilege weighed heavily against the finding of an evidentiary privilege. *Id.*

Similarly, in the case at bar, the Virginia statute does not use the word "privilege." Nor are there any cases, state or federal, recognizing an evidentiary privilege created by the Virginia statute. Applying the rationale in *Lawrence*, the clear conclusion is that no evidentiary privilege applies. Seventh Circuit caselaw is in accord and dictates the same result.

Whether a state law confidentiality provision creates an evidentiary privilege is "governed by the principles of the common law as they may have been interpreted by the courts of the United States in light of reason and experience." *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981) (quoting Fed. R. Evid. 501). The court explained that evidentiary privileges are not favored because they operate to exclude relevant evidence. *Id.* Courts should recognize the

6

privilege only when the policy sought to be furthered by the privilege outweighs the need for truth. *Id.*

Plaintiffs make little attempt to define the policy sought to be furthered by the Virginia statute, only explaining that the documents Mr. Flanagan seeks fall squarely within its ambit. Conversely, Mr. Flanagan has aptly demonstrated that the documents in question (documents relating to Premiers' marketing and sale of Xentex stock) bear directly upon the issues paramount to the lawsuit at hand (whether Defendants violated securities laws in promoting Xentex to Plaintiffs). Under these circumstances, the balancing test inspired by Fed. R. Evid. 501 clearly weighs in favor of disclosure.

**CONCLUSION**

For the reasons set forth above, the Court Grants Defendant Brian Flanagan's Motion to Compel. Plaintiffs are ordered to produce all documents relating to the Commonwealth of Virginia's administrative proceedings involving Plaintiffs' sale and marketing of Xentex.

DATED: March 2, 2005        E N T E R:

_____
Arlander Keys
United States Magistrate Judge