# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PREMIER CAPITAL MANAGEMENT, LLC; TMB, LLC; and XEN INVESTORS, LLC | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| LARRY COHEN; BRIAN FLANAGAN; WAN HEE KIM; JUNG KOH; MICHAEL TURCOTTE; BLAIR ROBINSON; and NORTHVIEW BANK AND TRUST, | )<br>)<br>)<br>)<br>) |
| Defendants, | ) No. 02 C 5368<br>) |
| LARRY COHEN; WAN HEE KIM; and MICHAEL TURCOTTE, | ) Judge Gottschall<br>) Magistrate Judge Keys<br>) |
| Counterclaimants/Third Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| DOUGLAS TUCKER, | )<br>) |
| Third Party Defendant, | )<br>) |
| DOUGLAS TUCKER, | )<br>) |
| Third Party Defendant/Counterclaimant | )<br>) |
| v. | )<br>) |
| PREMIER CAPITAL MANAGEMENT, LLC; and MATTHIEU REYNA, | )<br>)<br>) |
| Counterdefendant/Third Party Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On October 28, 2004, plaintiffs Premier Capital Management, LLC ("PCM") TMB, LLC

1

and Xen Investors, LLC filed their third amended complaint ("Complaint") in this case. The Complaint alleges (among many other things) that defendants Larry Cohen ("Cohen"), Wan Hee Kim ("Kim") and Michael Turcotte ("Turcotte") committed various statutory and common law violations when they induced plaintiffs to invest in Xentex Technologies, Inc. ("Xentex").[1] In addition to the main action, this case features a number of counterclaims and third party claims. Those at issue in this order are described as follows.

On December 16, 2004 defendants Cohen, Kim and Turcotte filed their Amended Third Party Complaint for Contribution ("CKT Tucker Complaint") against third party defendant Douglas Tucker ("Tucker"). The CKT Tucker Complaint alleges that Tucker was an officer and director of Xentex, and asserts a right of contribution from Tucker for: (i) federal securities liability incurred by Turcotte and Kim (count 1); (ii) securities liability incurred by Turcotte, Kim and Cohen under the Virginia Securities Code, Va. Code §13.1-501, *et seq.*;and (iii) liability incurred by Turcotte as a result of negligent misrepresentation claims asserted against Turcotte in the Complaint (count 3).

On January 11, 2005, Tucker filed his Amended Answer to the CKT Tucker Complaint, Amended Affirmative Defenses and Counterclaim/Third Party Complaint for Contribution ("Tucker Counterclaim"). The Tucker Counterclaim asserts a right of contribution from PCM and Matthieu Reyna ("Reyna") for all contribution claims against Tucker based upon: (i) violations of the Securities Act of 1933 (count 1); (ii) violations of the Virginia Securities Act (count 2); and (iii) negligent misrepresentation (count 3). While it is drafted somewhat broadly

---

[1] The court has issued several previous opinions in this case dated August 14, 2003, September 27, 2004, and March 2, 2005 (Magistrate Judge Keys' opinion). The court assumes familiarity with those opinions, including the factual history of the case set forth therein.

(as befits a complaint under the federal notice pleading standard), the Tucker Counterclaim is clearly aimed at seeking contribution for any liability assessed against Tucker on account of the CKT Tucker Complaint.

On February 10, 2005, the court granted Cohen, Kim and Turcotte's motion for leave to file instanter their Counterclaim/Third-Party Complaint Against Premier Capital Management, LLC and Matthieu R. Reyna (the "CKT Counterclaim"). In a nutshell, the CKT Counterclaim alleges that PCM and Reyna acted as agents of Xentex, and acted fraudulently in inducing sales of Xentex securities. On this basis, the CKT Counterclaim asserts a right of contribution for Cohen, Kim and Turcotte from PCM and Reyna for any federal or state law securities violations (counts 1 and 2), and Turcotte alone asserts a right of contribution against PCM and Reyna for any liability for negligent misrepresentation (count 3).

Currently before the court are: (i) PCM and Reyna's joint motion to dismiss the Tucker Counterclaim; and (ii) PCM and Reyna's joint Amended Motion to Dismiss the CKT Counterclaim. For the reasons stated below, PCM and Reyna's motions to dismiss are granted in part and denied in part.

**Count 1 of the CKT Counterclaim, Tucker Counterclaim and CKT Tucker Complaint.**

In the Complaint, PCM has alleged that Kim and Turcotte (but not Cohen) are liable as controlling persons under the Securities Act of 1933, 15 U.S.C. § 77o, which states that controlling persons shall: "be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist." The Complaint alleges

that the controlled person is Xentex, which is alleged to be liable under §77l(a)(2) because of its use of a prospectus (and other communications) containing false statements and misleading omissions.

To recall, Kim and Turcotte have asserted rights of contribution for the Complaint's §77o allegations against both PCM and Reyna (in the CKT Counterclaim) and against Tucker (in the CKT Tucker Complaint). Tucker, in turn, has asserted rights of contribution against PCM and Reyna (in the Tucker Counterclaim) if he is assessed liability for contribution on account of the CKT Tucker Complaint.

In both their motions to dismiss, PCM and Reyna offer the identical argument, denying that §77o can provide the basis for a contribution claim. Under the facts of this case, they are correct. PCM and Reyna point out that §77o is silent as to the liability of controlling persons for contribution, and argue that where a federal statute states an explicit right of action, but not a right to contribution, no right of contribution may be implied. A court in this district considered this question in detail in *In re Olympia Brewing Co. Sec. Litigation*, 674 F. Supp. 597, 614-17 (N.D. Ill. 1987). After a detailed and well-reasoned discussion, the court concluded, specifically with respect to §77o, that "[i]n the case of a provision that expressly provides for a right of action but not for contribution, the court finds that it has no authority to imply or create a right to contribution." 674 F.Supp. at 615 and n.18. Tucker has not brought to the court's attention any significant authority contradicting *Olympia Brewing Co.*: and the court has identified none itself. Thus, the court adopts the rule in *Olympia Brewing Co.*; in light of §77o's lack of an explicit right of contribution, the court declines to imply one. The court notes, in addition, that §77l – alleged to form the basis for Xentex's direct liability and hence Kim and Turcotte's controlling

4

person liability that in turn provides the basis for Tucker's counterclaim – likewise states no right of contribution. *Cf. Laventhol, Krekstein, Horwath & Horwath v. Horwitch*, 637 F.2d 672, 675 (9th Cir. 1980) (finding that §77o subjects controlling persons to liability for contribution because controlled person is liable for contribution under 15 U.S.C. § 77k(f)). For these reasons, PCM and Reyna's motions to dismiss count 1 of the CKT Counterclaim and the Tucker Counterclaim are granted.

Tucker argues that if the court holds that §77o cannot serve as a basis for Kim and Turcotte's contribution claims against PCM and Reyna, then it follows that §77o should not be able to serve as the basis for their contribution claim against Tucker (the court construes this argument as a motion by Tucker to dismiss count 1 of the CKT Tucker Complaint). Tucker is correct, and count 1 of the CKT Tucker Complaint is also dismissed.

**Count 2 of the CKT Counterclaim and Tucker Counterclaim**

In addition to its allegations of federal securities law violations, the Complaint alleges that Cohen, Kim and Turcotte are liable under Va. Code Ann. §13.1-522 (2004). PCM and Reyna move to dismiss Count 2 of both the CKT Counterclaim and the Tucker Counterclaim on the ground that none of Cohen, Kim, Turcotte or Tucker has a right of contribution under §13.1-522.

Like 15 U.S.C. §77o, Va. Code Ann. §13.1-522(C) creates controlling person liability for those in control of companies, like Xentex, that are alleged to have engaged in sales of securities by means of untrue statements or omissions of material facts. Unlike §77o, however, §13.1-522(C) creates an explicit right of contribution among liable persons:

> C. Every person who directly or indirectly controls a person liable under subsection A or B of this section, including every partner, officer, or director of

such a person, every person occupying a similar status or performing similar functions, every employee of such a person who materially aids in the conduct giving rise to the liability, and every broker-dealer, investment advisor, investment advisor representative or agent who materially aids in such conduct shall be liable jointly and severally with and to the same extent as such person, unless able to sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist. There shall be contribution as in cases of contract among the several persons so liable.

The court reads this section to mean that liability under §13.1-522(C) is created as to two groups: (i) persons who control (directly or indirectly) a person (Xentex) liable under §13.1-522(A) or (B), including, among others, officers and directors of the liable person; and/or (ii) employees, brokers, investment advisors and other agents who aid the person liable under §13.1-522(A) or (B) in the violative conduct.[2]  Importantly, the right of contribution is limited to being between the parties mentioned in clauses (i) and (ii) of the preceding sentence.  In other words, §13.1-522(C) creates a right of contribution between liable controlling parties and advice-givers (and others), but not between parties directly liable under the statute, i.e. those parties liable only under §13.1-522(A) or (B), but not §13.1-522(C).

While Cohen, Kim, Turcotte and Tucker need not plead every element or detail of their claims, they do need to provide sufficient allegations at least to sketch out their theory of contribution.  Applied to the facts here, for Cohen, Kim, Turcotte and Tucker to state a claim as to their contribution claims under §13.1-522(C), they would have to allege at least that PCM and Reyna were controlling persons of Xentex, or that they were another type of person liable under §13.1-522(C).

---

[2] The parties have pointed to no Virginia or other authority construing this section in a manner relevant to the facts at hand, and the court has identified none itself.

Cohen, Kim, Turcotte and Tucker do not meet this modest standard. As to Cohen, Kim and Turcotte, count 2 of the CKT Counterclaim alleges only that the Complaint alleges that Cohen, Kim and Turcotte have engaged in "violations of the Virginia Securities Code or Act ("VSA"). Va. Code §13.1-501, *et seq,*" and that "Turcotte, Kim and Cohen are entitled to and assert a right of contribution from Premier and Reyna for all claims against them for violation of the Virginia Securities Act." (CKT Counterclaim ¶¶ 17-18.) Nor do the introductory paragraphs of the CKT Counterclaim provide allegations adequate to support the CKT Counterclaim's count 2. For example, paragraphs 5 and 6 allege:

> 5. At all times relevant hereto, Premier and Reyna transacted business as agents of Xentex without being so registered with the Virginia State Corporation Commission's Division of Securities and Retail Franchising, including in connection with sales of Xentex stock to Plaintiffs, in violation of §13.1-504 of the Act [VSA].
>
> 6. At all times relevant hereto, Premier and Reyna made material omissions and misrepresentations in the offer and sale of securities to investors, including Plaintiffs, in violation of §13.1 502(2) [*sic*] of the Act.

Paragraph 5 asserts that PCM and Reyna breached §13.1-504 by selling securities without proper registration (but this is just to say that PCM and Reyna breached the statute directly), not that they aided in a breach of the statute by *Xentex*. Paragraph 6 fails to support a right of contribution for the same reason; while PCM and Reyna may have breached Virginia law in their sales of securities, there is nothing in the paragraph alleging that they controlled or aided *Xentex* in any alleged misdeeds. Neither §13.1-502 nor §13.1-504 creates an explicit right of contribution for directly liable parties, and as with §77o, in the absence of an express right of contribution the court declines to imply one. *Olympia Brewing Co.*, 674 F. Supp. at 615; *Dunn v. Borta*, 369 F.3d 421, 429 n.17

7

(4th Cir. 2004) ("Virginia courts will look to interpretations of federal securities laws when called upon to interpret the Virginia [securities] Act."), quoting *Furr v. Echols*, 36 Va. Cir. Ct. 349, 349-50 (1995). Thus, PCM and Reyna's motion to dismiss count 2 of CKT's counterclaim is granted.

Count 2 of the Tucker Counterclaim contains almost identical allegations regarding PCM's and Reyna's allegedly actionable role in sales of Xentex's securities, and asserts a right of contribution from PCM and Reyna "for all contribution claims against him [Tucker] for alleged violations of the Virginia Securities Act." (Tucker Counterclaim ¶12.) As with the CKT Counterclaim, Tucker's only allegations in support of his contribution claim pertain to allegations of direct liability (not controlling person or other pertinent liability) for PCM and Reyna under §13.1-522(C). Thus, PCM's and Reyna's motion to dismiss count 2 of the Tucker Counterclaim is granted.

**Count 3 of the CKT Counterclaim**

Count V of the Complaint alleges "negligent misrepresentation/constructive fraud" against Turcotte for statements he allegedly made to plaintiffs that induced plaintiffs to invest in Xentex securities. Count 3 of the CKT Counterclaim asserts a right of contribution from PCM and Reyna to Turcotte, which reads:

> 20. In Count V against Turcotte, Plaintiffs allege negligent misrepresentation in connection with Xentex Technologies, Inc.'s representations and disclosures to Plaintiffs in connection with Plaintiffs' investments in Xentex Technologies, Inc.
>
> 21. Turcotte is entitled to and asserts a right of contribution from Premier and Reyna for all claims against him for negligent misrepresentation.

In addition, the CKT Counterclaim alleges that "[a]t all times relevant hereto, Premier

8

and Reyna made material omissions and misrepresentations in the offer and sale of securities to investors, including Plaintiffs . . . ." (CKT Counterclaim ¶6.)

As explained in the response of Cohen, Kim and Turcotte to PCM and Reyna's motion to dismiss, Turcotte's argument is that at least some of the misrepresentations PCM and Reyna made to the other plaintiffs in selling the other plaintiffs Xentex securities were repetitions of Turcotte's alleged misrepresentations. Thus, PCM and Reyna allegedly participated in harming the other plaintiffs by perpetuating the same misrepresentations that PCM and Reyna allege that Turcotte used to induce all the plaintiffs (including PCM) to invest in Xentex. *See Olympia Brewing Co.*, 674 F. Supp. at 607 ("If several parties combine to create an injury, but only one of them faces legal responsibility for discharging the mutual obligation of making the injured person whole, the right of contribution gives the defendant recourse against his co-participants and thereby prevents unjust enrichment of the co-participants at the defendant's expense.")

PCM and Reyna argue that the facts pled in the CKT Counterclaim are so bare-bones that they do not put PCM and Reyna on notice of any cognizable claims against them. While it is true that Turcotte's allegations are minimal and somewhat conclusory, a complainant in federal court may plead conclusions as long as the pleading provides "at least minimal notice of the claim." *Jackson v. Marion County*, 66 F.3d 151, 154 (7th Cir. 1995). Turcotte's pleading does provide notice of potentially cognizable claims for contribution against PCM and Reyna, if only barely; Turcotte's allegations allow an inference that PCM and Reyna may have participated with Turcotte in causing the injury (purchase of securities based on common misrepresentations) to the other plaintiffs. The

9

court states no opinion at this time about this theory's eventual chances of success.
PCM and Reyna's motion to dismiss count 3 of the CKT Counterclaim is denied.

**Count 3 of the Tucker Counterclaim**

PCM and Reyna have also moved to dismiss count 3 of the Tucker Counterclaim based on the same argument that they made against Turcotte - that count 3 fails to put them on notice of cognizable claims against them. Count 3 of the Tucker Counterclaim is based explicitly on Tucker's potential liability for contribution in the event that Turcotte is found liable for negligent misrepresentation and successfully asserts a right of contribution from Tucker:

> 11. In Count III of the Amended Third Party Complaint for Contribution, Turcotte alleges that he is entitled to contribution from Tucker for all claims against him for alleged negligent misrepresentations and disclosures to Plaintiffs in connection with Plaintiffs' investment in Xentex.
>
> 12. Tucker is entitled to and asserts a right of contribution from Premier and Reyna for all contribution claims against him for negligent misrepresentation and disclosures to Plaintiffs in connection with Plaintiffs' investment in Xentex.

(Tucker Counterclaim ¶¶11-12.[3]) Earlier in the Tucker Counterclaim, Tucker, like Turcotte, alleges that PCM and Reyna led the other plaintiffs to invest in Xentex through misrepresentations and other misdeeds. (See Tucker Counterclaim ¶¶6, 7, 9, 10.) These allegations are sufficient to put PCM and Reyna on notice of Tucker's allegations that his liability depends on Turcotte's. Thus, if Turcotte is able to claim contribution from PCM and Reyna, it follows that Tucker may as well, based on a

---

[3] These paragraphs of the Tucker Counterclaim are misnumbered, and are actually the 22nd and 23rd paragraphs of that document.

substantially similar pleading. PCM and Reyna's motion to dismiss count 3 of the Tucker Counterclaim is denied.

## Conclusion

PCM and Reyna's motions to dismiss counts 1 and 2 of both the CKT Counterclaim and the Tucker Counterclaim are granted. Count 1 of the CKT Tucker Complaint is also dismissed. PCM and Reyna's motions to dismiss count 3 is denied as to both the CKT Counterclaim and the Tucker Counterclaim.

ENTER:

/s/
Joan B. Gottschall
United States District Judge

Dated: July 1, 2005